-1-

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

John J. Nestico (N.Y. SBN 1724020)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (Cal. SBN 166977)*
Ori Edelstein (Cal. SBN 268145)*
Kristabel Sandoval (Cal. SBN 323714)*
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

William M. Hogg (Tex. SBN 24087733)*
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

* - To apply for admission *Pro Hac Vice*

*Attorneys for Plaintiff and Class members*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOBIAS CARTAGENA, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>　　v.<br><br>HORNBLOWER GROUP, INC. and HORNBLOWER NEW YORK, LLC;<br><br>　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1. Plaintiff Tobias Cartagena, individually and on behalf of all others similarly situated, brings this class action against Defendants Hornblower Group, Inc. and Hornblower New York, LLC (collectively "Defendants" or "Hornblower"), on behalf of individuals who have worked for Defendants as servers, waiters, bartenders, bussers, and other non-managerial service workers paid on an hourly basis, and are subject to Defendants' service fee policies and practices. This case implicates Hornblower's longstanding policies and practices, which fail to properly compensate all non-exempt service workers for service charge payments remitted to them as wages. As a result, throughout the relevant time period, Plaintiff and similarly situated workers are denied payment for all service fees charged to customers that are reasonably perceived to be meant as gratuity payments.

2. Defendants impose mandatory service charges on the total cost of their special events but fail to distribute the total proceeds of those service fee surcharges to non-managerial service employees as required by New York law. This conduct violates New York Labor Law § 196-d.

3. Defendants also require Plaintiff and Class Members to work in excess of 10 hours per shift without compensating them for an additional hour pursuant to the New York spread-of-hours laws.

4. Plaintiff and Class members bring the following causes of action to challenge Defendants' policies and practices of: (1) failing to remit all service fee surcharges to Plaintiff and Class members; (2) unjust enrichment for failure to remit the entirety of the service fee surcharges to non-managerial service workers; (3) failure to compensate Plaintiff and Class members the additional wages required by the New York spread-of-wages law; (4) failing to provide Plaintiff

and Class members accurate, itemized wage statements as required by N.Y. Lab. Law § 195(3); and (5) failing to provide accurate and proper written notice as required by N.Y. Lab. Law § 195(1).

5. Plaintiff files this action to recover all unpaid wages, compensation, penalties, liquidated damages, treble damages, and other damages on behalf of himself and Class members under New York state law as a class action under Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendants integrated into their gratuity systems and payroll policies that have deprived Plaintiff and Class members of their lawfully earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the subject matter of Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and at least one of the Defendants are citizens of difference states. Moreover, the number of proposed class members in New York is believed to exceed 100.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants operate several dining cruises, as well as sightseeing and special events operations in this district and in the state, are registered to do business in this state, and employ hundreds of workers in this district and the state of New York.

## PARTIES

8. Plaintiff Tobias Cartagena is an individual over the age of eighteen, and at all times relevant to this Complaint was a citizen and resident of the State of New York, County of Queens. Plaintiff was employed as a bartender by Defendants at Hornblower Cruises & Events in New

York, New York from approximately July or August 2015 to October 2016.

9. The New York Class members are all people who are or who have been employed by Defendants, in their individual employer capacities as well as their capacity as joint employers, as hourly non-exempt employees, including but not limited to, food and beverage servers, bartenders, and other similar hourly and non-exempt service workers throughout the State of New York within the six years preceding the filing of this Complaint.

10. Plaintiff is informed, believes, and thereon alleges that Defendant Hornblower Group, Inc. is a California corporation with its principal place of business located in San Francisco, California, and is registered to do business in New York. Hornblower Group, Inc. may be served with process by serving Cogency Global Inc., 122 East 42nd Street, 18th Floor, New York, New York 10168.

11. Plaintiff is informed, believes, and thereon alleges that Defendant Hornblower New York, LLC is a Delaware limited liability company that is registered to do business in New York. Hornblower New York, LLC may be served with process by serving its registered agent, National Corporate Research, Ltd., 122 East 42nd Street, 18th Floor, New York, New York 10168.

12. Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this Complaint, Defendants are the agents and employees of their co-defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

13. Plaintiff is informed, believes, and thereon alleges that Defendants, individually and/or jointly, own, operate, and maintain dining cruises, as well as sightseeing and special events operations throughout New York. Plaintiff is informed, believes, and thereon alleges that each Defendant employs Class members, among other hourly employees, throughout New York.

14. Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

15. Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercised control over Plaintiff and Class members with respect to their employment.

16. As joint employers of Plaintiff and Class members throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for penalties for violating New York Labor Law, rules and regulations, and other state laws, with respect to the employment of Plaintiff and Class members.

17. Throughout this Complaint, any reference to "Defendant" or "Defendants" is intended to refer to Defendants Hornblower New York, LLC and Hornblower Group, Inc. jointly.

18. At all material times, Defendants have done business under the laws of New York, have continuously maintained physical places of business in New York, including in this district, and have employed Class members in this district and elsewhere throughout New York. Defendants are "employers" within the meaning of N.Y. Lab. Law § 651(6).

19. Defendants acted and continue to act as joint employers of Plaintiff because they jointly, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and Class members. Upon information and belief, Defendant Hornblower New York, LLC employ Class members jointly with the Defendant Hornblower Group, Inc. and/or with other currently unknown entities, because Defendants jointly, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of

Plaintiff and similarly situated employees.

## FACTUAL ALLEGATIONS

20. Defendants operate a chain of dining cruises, as well as sightseeing and special events operations in New York, including but not limited to Hornblower Cruises & Events. Defendants employ hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

21. Plaintiff worked at Hornblower Cruises & Events in New York, New York as a bartender from approximately July or August 2015 through October 2016. Plaintiff was paid at an hourly rate of approximately $15 plus tips. He was regularly scheduled to work several 12 hour shifts each week, and averaged 50 hours of work per week during the summer months and 30 hours per week during the winter months.

22. Despite working long shifts of 12 hours, Defendants fail to compensate Plaintiff and Class members for an additional hour as required by New York spread-of-hours laws.

23. As a matter of course, Defendants routinely add a mandatory service charge to their special events contracts. These service fees are in the form of automatic surcharges which customers are required to pay, and which reasonably appear to be gratuities for the service and delivery staff.

24. During the relevant time period, Defendants did not pay Plaintiff and Class members any portion of the service fees charged to customers as supplementary payments in addition to their regular hourly wages. Instead, Defendants have a policy and practice of retaining those service fees and/or using a portion of the service fees to pay non-service workers, including sales agents and management. As a result, Plaintiff and Class members do not receive the total proceeds of the service fees as gratuities, to which they are entitled under New York law.

25. As a result of these policies, Defendants deny Plaintiff and Class members surcharge service fees to which they are lawfully owed.

26. Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate wage notices and records of the wages withheld from Class members. In particular, Defendants' failure to record all service fee surcharge payments results in a failure to provide Class members, including Plaintiff, accurate itemized wage statements as required by New York law. The wage statements Defendants provide are not accurate because they do not reflect the actual wages earned as service fee surcharges by Plaintiff and Class members.

27. Upon information and belief, Defendants do not provide Plaintiff and Class members with a written notice, in English and Spanish, containing accurate representations of, among other things, their rates of pay and basis thereof, including the terms of the service fee surcharges to be paid to the service workers and the allowances and deductions to be deducted from their wages.

28. Class members were and are employed by Defendants and perform work materially similar to Plaintiff.

29. Class members report to a facility owned, operated, or managed by Defendants to perform their jobs.

30. Class members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

31. Class members are required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

32. At the end of each pay period, Class members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

33. Defendants pay Class members on an hourly rate basis.

34. Defendants do not provide Class members, including Plaintiff, accurate wage notices and itemized wage statements as required by New York law. The wage statements they are provided are not accurate because they do not contain all of the service fee surcharges that should be remitted to Plaintiff and Class members.

35. Defendants have employed hundreds of people similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint.

36. Defendants' method of paying Plaintiff and Class members is willful and is not based on a good faith and reasonable belief that their conduct complies with New York law. Defendants' willful conduct, carried out in bad faith, caused significant damages to non-exempt hourly employees in an amount to be determined at trial.

## RULE 23 CLASS ACTION ALLEGATIONS

37. Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The New York Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to servers, food servers, beverage servers, waiters, bartenders, bussers, or other employees with similar job duties employed by Defendants, individually and/or jointly, in New York any time starting six years prior to the filing of this Complaint until resolution of this action.**

38. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

39. <u>Numerosity</u>: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of

New York Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable. Furthermore, the identities of the New York Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the New York Class and Defendants.

40. <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the New York Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

   a. Whether Defendants have a policy and/or practice of charging a service fee to customers;

   b. Whether Defendants have a policy and/or practice of failing to remit the entirety of the service fee charged to its customers to Class members;

   c. Whether Defendants' customers reasonably understood that the service fee charged by Defendants was intended to be a gratuity for Class members;

   d. Whether Defendants failed to include supplementary payments such as service fee surcharges in the regular rates of pay for Plaintiff and Class members;

   e. Whether Defendants fail to provide Class members with timely, accurate itemized wage statements in violation of the N.Y. Lab. Law § 193(3);

   f. Whether Defendants fail to provide written notice, in English and Spanish, in compliance with N.Y. Lab. Law § 195(1);

   g. Whether Defendants' conduct in failing to remit all of the service fee surcharges to Plaintiff and Class members constitutes unjust enrichment;

      h. Whether Defendants paid Plaintiff and Class members additional wages when they worked in excess of ten hours per shift in accordance with N.Y. Lab. Reg. § 142-2.4; and

      i. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

41. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the New York Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

42. <u>Adequacy of Representation</u>: Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

43. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

44. In the alternative, the Class may be certified because the prosecution of separate

actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

45. If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

46. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Violation of N.Y. Lab. Law § 196-d**
**Improper Retainer of Service Fees from Service Workers**
**(On Behalf of the Class)**

47. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

48. New York Labor Law § 196-d prohibits employers from retaining: (1) "any part of a gratuity"; or (2) "any charge purported to be a gratuity for an employee."

49. Section 196-d does not prohibit "practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees" or "the sharing of tips by a waiter with a busboy or similar employee."

50. Whether mandatory or voluntary, § 196-d covers any charge that a reasonable customer would have believed would serve as a gratuity. Indeed, if § 196-d were interpreted to cover only voluntary payments, employers would have license to mislead patrons as to the cost of

their meals and how much of their payments will be directed to service employees, in clear contravention of the statute's text and purpose. Quite the opposite, § 196-d's clear directive is that employers must distribute to service workers any "charge purported to be a gratuity for an employee."

51. Defendants routinely add a mandatory "service fee" to the total cost of their special events contracts. Unwary customers pay these service fees reasonably believing that the entirety of the service fee will be remitted to the service workers as gratuity payment, as is the widely accepted custom throughout the hospitality industry. Defendants, however, do not remit the entire service fee proceeds to Plaintiff and Class members.

52. In relevant part, § 196-d provides:

> No employer . . . or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. . . . Nothing in this subdivision shall be construed as affecting . . . practices in connection with banquets and other specific functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees, nor to the sharing of tips by a waiter with a busboy or similar employee.

53. The statute forbids employers from retaining "any part" of either (1) "a gratuity"; or (2) "any charge purported to be a gratuity." In other words, the statute treats identically a "gratuity" and a "charge" that purports to be a gratuity, attaching no significance to whether a payment is made voluntarily as a tip or involuntarily as a mandatory surcharge. All that is required is that a charge purports, or "seems" to be a gratuity.

54. Customers reasonably believe that Defendants' mandatory service fees are actually gratuity payments to service workers. The term "service fee," as used in Defendants' billing practices, indicates the surcharge is intimately connected with the "service" of the food and beverages.

55. N.Y. Lab. Law § 196-d requires the distribution of "service fee" surcharges, in their entirety, to service workers. Plaintiff and Class members are and have been deprived of receiving the service fee surcharges in full that Defendants should have paid them.

56. Plaintiff and Class members are entitled to the portions of the service fees that were not originally remitted to the service workers.

57. Upon information and belief, Defendants' ongoing violation of § 196-d are willful. Accordingly, Defendants are also liable under N.Y. Lab. Law § 198 for payment to Plaintiff and Class members of a 100% penalty.

58. Plaintiff and Class members are also entitled to reasonable attorneys' fees pursuant to § 198.

59. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of the Class)

60. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

61. Defendants' conduct as set forth above constitutes unjust enrichment under New York common law.

62. At all relevant times, Plaintiff and Class members bestowed a benefit in the form of service which is customarily "tipped" in addition to hourly wages that are regularly paid to service workers.

63. Because of Defendants' non-payment and underpayment to service workers of all sums denominated as "service fees," Defendants knowingly receive and retain funds that patrons intend to be paid in full to the waitstaff, bartenders, and other service workers.

64. In equity and good conscience, said funds belong to Plaintiff and Class members, not Defendants or other non-service workers employed by Defendants.

65. Defendants will obtain such benefit without adequately compensating Plaintiff and Class members if Defendants are permitted to retain the unpaid service fee surcharges collected from their customers without remitting the entirety of the service fee payments to their intended beneficiaries – the non-managerial service workers.

66. Defendants should therefore be required to disgorge all ill-gotten gains as a result of failing to remit the entirety of gratuity proceeds charged to Defendants' customers to service employees.

67. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Violation of N.Y. Labor Regulation § 142-2.4**
**Spread-of-Hours Violation**
**(On Behalf of the Class)**

68. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

69. This cause of action arises from Defendants violation of the N.Y. Lab. Law; specifically, Defendants' violation of New York State Department of Labor Regulation § 142-2.4, which stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee worked for ten or more hours.

70. Defendants violate the N.Y. Lab. Law by failing to comply with their obligation to pay Plaintiff and Class members the additional wages required by N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 on those days when Plaintiff and the Class members in fact work for ten or more hours.

71. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and Class members suffer loss of income and other damages. Plaintiff and Class members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

72. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to N.Y. Lab. Law § 195**
**(On Behalf of the Class)**

73. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

74. Defendants do not provide Plaintiff and Class members with accurate itemized wage statements as required by N.Y. Lab. Law § 195(3).

75. With each payment of wages, Defendants fail to provide Plaintiff and Class members with an accurate statement listing each of the following categories of information:

    a. The dates of work covered by that payment of wages;
    b. Name of employee;
    c. Name of employer;
    d. Address and phone number of employer;
    e. Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;
    f. Gross wages;
    g. Deductions;
    h. Allowances, if any, claimed as part of the minimum wage;
    i. Net wages;
    j. The regular hourly rate or rates of pay;

  k. The overtime rate or rates of pay;

  l. The number of regular hours worked; and

  m. The number of overtime hours worked.

76. As a result, Defendants are liable to Plaintiff and each Class member in the amount of $2,500, together with attorneys' fees and costs.

77. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirement Pursuant to N.Y. Lab. Law § 195
### (On Behalf of the Class)

78. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

79. Defendants fail to provide Plaintiff and Class members with a written notice, in English and in Spanish, containing the following categories of information as required by N.Y. Lab. Law § 195(1):

  a. The rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

  b. Allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

  c. The regular pay day designated by the employer;

  d. The name of the employer;

  e. Any "doing business as" names used by the employer;

  f. The physical address of the employer's main office or principal place of business, and a mailing address if different; and

  g. The telephone number of the employer.

80. As a result, Defendants are liable to Plaintiff and each Class member in the amount of $2,500, together with attorneys' fees and costs.

81. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## JURY DEMAND

82. Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of Class members, requests the following relief:

1. For an order certifying that the Causes of Action in this Complaint may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

2. Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by New York Labor Law and all other applicable laws, rules, and regulations of New York;

3. For a declaratory judgment that Defendants violated New York Labor Law and public policy as alleged herein;

4. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing, now and in the future, those violations of law herein alleged;

5. For an order requiring Defendants to disgorge all profits and other ill-gotten gains resulting from their failure to remit the entirety of gratuities to non-managerial service employees;

6. For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon;

7. For an order awarding Plaintiff and the Class members compensatory damages,

including gratuities owed, lost wages, earnings, liquidated damages, treble damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts according to proof;

8. For an order awarding Plaintiff and Class members civil penalties pursuant to the New York Labor Law, and the laws of the State of New York, with interest thereon;

9. For an order awarding reasonable attorneys' fees as provided by the New York Labor Law, the laws of the State of New York, and/or other applicable law;

10. For all costs of suit;

11. For interest on any penalties awarded, as provided by applicable law; and

12. For such other and further relief as this Court deems just and proper.

Date: July 10, 2020

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*/s/ John J. Nestico*
John J. Nestico (N.Y. SBN 1724020)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (to apply *pro hac vice*)
Ori Edelstein (to apply *pro hac vice*)
Kristabel Sandoval (to apply *pro hac vice*)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

William M. Hogg (to apply *pro hac vice*)
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

*Counsel for Plaintiff and Class Members*